UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

           **Hon. Hugh B. Scott**

           07CR157A

v.

           **DECISION
&
ORDER**

Pasquale Anthony D'Amato,

           Defendant.

The defendant, Pasquale Anthony DAmato, has filed an omnibus motion seeking the following relief: a Bill of Particulars;  disclosure of Brady, Giglio and Jencks Act material; the identification of informants, an audibility hearing, and the suppression of physical evidence. (Docket No. 13). [1]

**Background**

On July 17, 2007, a federal grand jury returned a two-count indictment charging the defendant with the illegal possession of cocaine and conspiracy to posses with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.

---

[1]  At oral argument, the defendant abandoned the request for the suppression of evidence. The motion to suppress will be the subject of a separate Report & Recommendation.

**Brady, Giglio & Jencks  Material**

The defendant has requested that the government disclose all materials potentially

favorable to the defendants, including information to be used for the impeachment of the

government's witnesses, as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its

progeny.  <u>Brady</u> material, as those cases have come to define it, includes all evidence which may

be favorable to the defendant and material to the issue of guilt or punishment. Such evidence

includes "[a]ny and all records and/or information which might be helpful or useful to the

defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct

attributed to the [government's] witness." <u>U.S. v. Kiszewski</u>, 877 F.2d 210 (2d Cir. 1989).  This

includes information under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  The defendant's

motion identifies numerous specific categories of documents encompassing both exculpatory and

impeachment <u>Brady</u> materials which he seeks to obtain. The government has represented that at

the present time it is not in possession of any "exculpatory" material but acknowledges its

continuing duty under <u>Brady</u>. (Docket No. 14 at page 7).

Neither the Supreme Court, nor the Second Circuit,[2] have ruled directly on whether there

is a meaningful distinction between "exculpatory <u>Brady</u>" and "impeachment <u>Brady</u>" materials for

purposes relating to the timing within which such information must be disclosed. Several other

courts have discussed the issue at hand, which often arises in the context of a potential, if not

---

[2] In a footnote in its opinion in <u>Lucas v. Regan</u>, 503 F.2d 1, 3 n.1 (1974), the Second Circuit
stated that "[n]either Brady nor any other case we know of requires that disclosures under
Brady be made before trial."

inherent, conflict between the government's obligations to disclose under <u>Brady</u> and the government's right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted <u>Brady</u> to require disclosure "at the appropriate" time, which often is prior to trial); <u>U.S. v. Perez</u>, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing <u>Brady</u> material violates due process only if the delay prevented the defendant from receiving a fair trial); <u>U.S. v. Ziperstein</u>, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of <u>Brady</u> material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see <u>U.S. V. Wilson</u>, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); <u>U.S. Biaggi</u>, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); <u>U.S. V. Feldman</u>, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose <u>Brady</u> impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under <u>Brady</u> principles. To this extent, it has been suggested that the constitutional requirements underlying <u>Brady</u> could act to modify the Jencks Act. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852, 860 (5th Cir. 1979). But see <u>U.S. v. Presser</u>, 844 F.2d 1275 (6th Cir. 1 988)(the government may not be compelled to pretrial disclosure of <u>Brady</u> or Jencks material). The record in this case does not reflect whether any of the materials withheld by the

government may be considered both <u>Brady</u> and Jencks material. Certainly "impeachment <u>Brady</u>" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u>, mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." <u>U.S. v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>U.S. V. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, balancing all of the above factors, the Court concludes that disclosure of such impeachment-<u>Brady</u> material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

With respect to material that would fall purely under the Jencks Act, such information is to be disclosed in compliance with the District Court's trial order.

**Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars.  Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at

trial.  U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990).  The government is not obligated to "preview

its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v.

Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the

crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Notwithstanding the above, there is a special concern for particularization in conspiracy cases.

U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the indictment, and upon the discovery and information already provided

or promised in this case, the defendant has not demonstrated that further particularization is

required to protect him from double jeopardy or to enable him to adequately prepare a defense

and avoid surprise at trial.


### Identity of Informants

Defendant D'Amato seeks the pre-trial disclosure of the identity of any informants in this

case.  The government is not required to furnish the identities of informants unless it is essential

to the defense.  Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859

F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988).  Rule 16 does not require the

government to disclose the names of witnesses prior to trial.  United States v. Bejasa, 904 F.2d

137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).  The defendant has not established that the

pre-trial disclosure of the identities of any informants is essential to his defense.    This request is

denied.

**Audibility**

The defendant seeks a hearing on the audibility of certain tape recordings the government intends to use at trial.  The government does not oppose this request.  If, after having an opportunity to listen to any such recordings, the defense counsel believes an audibility hearing is warranted, such a hearing will be scheduled.

**Conclusion**

The omnibus motion  (Docket No. 13) is granted in part and denied in part consistent with the above.

So Ordered.

_____/s/ Hugh B. Scott_____
United States Magistrate Judge
Western District of New York

Buffalo, New York
November 28, 2007